852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George L. MORONES, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 88-3054.
 United States Court of Appeals, Federal Circuit.
 June 27, 1988.
 
 Before FRIEDMAN, RICH and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. SF07528710001, affirming the removal of George L. Morones from his position with the Immigration and Naturalization Service, is reversed.
 
 OPINION
 
 2
 Petitioner Morones states that there was an agreement between himself and the agency as to the penalty to be imposed for his admitted violations of law and regulations, that the matter was settled, and that the penalty was implemented and the matter closed. The administrative judge held that there was no such agreement. The issue is dispositive, in that the existence of such a settlement would moot the questions raised by Morones with respect to the penalty.
 
 
 3
 Mr. Morones asserts that he and the agency had agreed that Morones would move at his own expense from Los Angeles to a new post and location, selected by the agency as San Ysidro, California, and would be demoted to the non-supervisory position of Immigration Inspector, GS-9, from his supervisory GS-12 position. The issue of the purported settlement was litigated before the administrative judge, who held that "it was more likely than not true that appellant misconstrued what he was told." The administrative judge nevertheless held that the penalty of removal was unreasonably severe, and mitigated the penalty to that which Morones said was the agreed settlement penalty. The board reversed, holding that removal was warranted by the seriousness of the violations. We have reviewed the administrative judge's determination that there had been no settlement.
 
 
 4
 On the record before us, the evidence supporting Mr. Morones' position includes the following: Morones' written request dated April 18, 1986 for the transfer at his own expense and the voluntary three-grade demotion; the record shows no negative response to this request. It was undisputed that by April 18 Mr. Gustafson (the deciding official) had been advised by the INS Office of Professional Responsibility that there would not be criminal prosecution against Morones, and had so informed Morones. There is a telex dated April 21, identified as from Don Looney, Assistant Regional Commissioner for Detention and Deportation, advising the District Director, San Diego and Los Angeles, that Morones was "indefinitely detailed" to San Ysidro "not at the services' expense" (emphasis in original). The record states that a Request for Personnel Action SF-52 showed Morones' "indefinite detail" to San Ysidro and the change in his position, signed by the Associate Regional Commissioner of Operations. Morones reported to San Ysidro by April 28 as stated in these documents, and for several months occupied the non-supervisory position described therein, apparently without reduction in salary. He moved at his own expense. The administrative judge stated that two witnesses testified that Morones told them of the "alleged agreement".
 
 
 5
 Mr. Morones' testified that he and Mr. Gustafson, the District Director, agreed to the demotion and transfer. This testimony was supported by the documentary record, and apparently by corroborating witnesses. The testimony of Mr. Gustafson, the only adverse witness, was contrary to this record. Morones points out that because a demotion can not be initiated by the agency without adverse action procedures, it was agreed that he, Morones, would immediately request the demotion and transfer, and he did so, as the record shows. Morones testified that the request was granted, as the documents show, and that he immediately moved at his own expense to the new location, as the documents require. The administrative judge made no determination that Mr. Morones was not a credible witness.
 
 
 6
 Mr. Morones' testimony and that of Mr. Gustafson are reasonably consistent as to various conversations preceding the transfer (except in details where Mr. Gustafson's memory failed). The testimony shows that several transfer locations were considered before San Ysidro was selected by Gustafson, and that Gustafson purposely selected a less desirable location: an unnecessary consideration if the transfer were not intended as punishment.
 
 
 7
 Morones testified that he would not have moved from his home town of San Pedro, at his own expense, if he were waiting to be fired. Gustafson testified that Morones was transferred so that he would be out of the way of the investigation; a position not fully consistent with the memorandum that Morones was asked to write and the ensuing implementing documents, which inter alia emphasized that the move was at Morones expense. It appears that Morones could have been reassigned solely at the agency's request, but there is no such record, and indeed Gustafson did not so testify.
 
 
 8
 The agency on this appeal offers no reasonable explanation of the events that transpired and the documents of record. If the official paperwork was based on a "misunderstanding" by Morones, it appears that the agency officials were operating under the same misunderstanding. The record and testimony shows no suggestion to Morones that his move and demotion were not an agreed punishment. Although there was argument as to Gustafson's authority to agree to the asserted settlement terms, the record shows no dispute as to the authority of the signatories of the telex and the SF-52. Other than Gustafson's testimony that he did not intend to settle the matter when he implemented the transfer, no evidence was adduced in support of the agency's position. The persons who signed the telex and the SF-52, both of whom had authority to transfer and demote Morones, were not called on behalf of the government; thus leaving the agency's side of the story with neither documentary nor corroborative support.
 
 
 9
 We conclude that there was not substantial evidence in support of the agency's position that no settlement was reached with Mr. Morones. 5 U.S.C. Sec. 7703(c)(3); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 10
 We do not condone the seriousness of these infractions, or suggest any view of the appropriateness of the penalty absent the settlement. Much is made on this appeal of disparate treatment, a matter that we need not consider in this case.
 
 
 11
 We conclude that the agency and Mr. Morones entered into a valid settlement. The government has not challenged the binding effect of a valid settlement.